## Heasley's Estate. No. 3.

*W. N. Conrad,* for exceptant.

*Raymond E. Brown* and *Matthew A. Crawford,* contra.

GRAFF, P. J., thirty-third judicial district, specially presiding, March 23, 1935.—This matter comes before us upon exceptions filed to the bond of the administratrix in the above entitled estate.

E. Grant Heasley died intestate on October 21, 1931. Letters of administration were issued by the register of wills to his widow, Bess H. Heasley. Her bond in the sum of $10,000 was fixed and approved by the said register. Edward M. Heasley, a brother of the deceased, filed the present exceptions.

It is averred that E. G. Heasley died possessed of personal estate of a value exceeding $150,000. A motion was filed on behalf of the administratrix to dismiss the exceptions, upon the ground, first, that the exceptant was not a person interested in the estate of E. G. Heasley, and, second, that the interest of Edward M. Heasley, exceptant in said estate, is a subject matter of pending litigation. It was further averred that the exceptions bring into controversy disputable, difficult matters, which can-

not be disposed of except in connection with other proceedings. Thereupon the register of wills certified the record to the orphans court, for the determination of such disputable and difficult matters.

The exceptant is not an heir of his deceased brother, neither is he a creditor of his estate. Section 8 (*f*) of the Fiduciaries Act of June 7, 1917, P. L. 447, provides:

"All bonds taken by any register, in pursuance of this act, from any . . . administrator, may be excepted to before such register by any person interested, in respect of the sufficiency of the sureties therein, or the amount of the bond, or for any other cause."

For the reasons stated in opinions filed herewith at numbers 7 and 8, January term, 1935, Heasley's Estate (No. 1), 23 D. & C. 653, and Heasley's Estate (No. 2), 23 D. & C. 654, the exceptant cannot be considered as a "person interested" in any respect, and consequently has no standing in the present proceeding.

Another reason that the exceptant has no standing is that section 8 (*e*) of the Fiduciaries Act provides that:

"In any case where application is made for letters testamentary or of administration on the estate of a decedent who was, at the time of his death, a fiduciary, it shall be within the discretion of the register of wills to whom such application is made to require the person or corporation to whom such letters are issued to enter, in addition to any other bond required by this act, a bond in a sufficient amount . . . conditioned for the proper application of the property held by such decedent as fiduciary and coming into the hands and possession of the person or corporation to whom such letters are issued."

It is thus obvious, if any funds were held by the decedent as a fiduciary, and such came into the hands of the administratrix in this case, the proper procedure was to have requested the register of wills to have required the administratrix to have filed an additional bond, as required by the act.

We are consequently of the opinion that the exceptions should be dismissed.

*Order*

And now, March 23, 1935, the exceptions filed to the administratrix's bond are overruled and dismissed.